IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CANAL ELECTRIC COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.04–0035C |
| v. | ) | (Judge Hodges) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S "NOTICE OF RELATED CASE," DEFENDANT'S NOTICE OF DIRECTLY-RELATED CASE, AND DEFENDANT'S MOTION TO TRANSFER AND CONSOLIDATE IN ACCORDANCE WITH RCFC 40.2(a)(3) AND 42.1

Defendant, the United States, respectfully responds to "Plaintiff Canal Electric Company's Notice Of Related Case," dated November 10, 2004, in which plaintiff, Canal Electric Company ("Canal"), informed the Court that this case "may be related" to 60 other cases pending before this Court.[1] In its notice, Canal indicated that, depending upon the manner in which the Court interpreted the inter-related nature of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste" ("Standard Contract") published at 10 C.F.R. § 961.11, which numerous nuclear utilities entered with the Department of Energy, or the requirements of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270, this case could be considered "directly-related" or "indirectly-related" to each of those 60 cases. See Notice, at 7.

Recently, in Entergy Nuclear Indian Point 2, LLC v. United States, No. 03-2622C, 2004 WL 2475337 (Fed. Cl. Nov. 4, 2004), in response to the Government's motion to reassign two cases that were based upon the same Standard Contract to a single judge and to consolidate them,

---

[1] Pursuant to RCFC 40.2(a)(3), this response and notice is being filed in FPL Energy Seabrook, LLC v. United States, No. 04-88C (Fed. Cl.), captioned in the name of the earliest-filed case, Canal Electric Co. v. United States, No. 04-35C (Fed. Cl.).

this Court admonished that, "[a]s soon as counsel becomes aware of an earlier-filed, directly-related case, they must file a notice with the court," id. at *3, and that the "court cannot be put in the position of monitoring its entire docket to learn of such cases *sua sponte*." Id. Canal filed its "Notice of Related Cases" in this case soon after the Court issued its published decision in Entergy Nuclear Indian Point 2.[2]

Unfortunately, although Canal referenced in its notice the possibility that its case was potentially directly- or indirectly-related to all of the spent nuclear fuel ("SNF") cases pending in this Court, given that all of the 60 cases to which Canal referred involve alleged breaches of the standardized contracts that nuclear utilities entered with the Department of Energy ("DOE") and/or takings claims arising out of that alleged breach, Canal did not mention that there is one SNF case in particular to which its case is clearly and directly related. Specifically, Canal's case involves DOE's alleged delay in accepting the same SNF generated by the same nuclear reactor, Seabrook Unit 1 Power Station, at issue in FPL Energy Seabrook, LLC v. United States, No. 04-88C (Fed. Cl.) (Damich, C.J.).

RCFC 40.2(a) requires that a plaintiff filing a case that is directly related to another case pending before the Court of Federal Claims file a "Notice of Directly-Related Cases" upon all other parties and the Court. RCFC 40.2(a)(1)(B) expressly defines "directly-related" cases as

---

[2] Interestingly, Canal appears to have miscaptioned its notice of related cases. RCFC 40.2(a)(3) indicates that, "[w]here the existence of directly-related cases becomes apparent only after initial assignment, the Notice of Directly-Related Cases shall be filed in all related cases, captioned in the name of the earliest-filed case." (Emphasis added). The same rule applies to the identification of the appropriate case caption to use in filing a Notice of Indirectly-Related Cases. See RCFC 40.2(b)(1). Here, Canal captioned its notice of directly-related or indirectly-related cases under the Canal case caption, rather than under the case caption for Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), the earliest-filed case that Canal identifies as a possibly directly-related case.

cases that involve the "same contract, property or patent." This obligation to file a "Notice of Directly-Related Cases" remains even when it is discovered after the filing that the case is directly related to another case pending before the Court. See RCFC 40.2(a)(3).

In this case, Canal claims that the Government, by failing to comply with its obligations under the Standard Contract to accept SNF generated at the Seabrook Unit 1 Power Station, diminished the value of its minority ownership interest in the Seabrook facility and caused it to recover less money when it sold that interest, resulting in a taking of its property under the Fifth Amendment of the United States Constitution. Canal Compl. ¶¶ 55-61. Another plaintiff in this Court, FPL Energy Seabrook, LLC ("FPL Energy"), has asserted a claim of breach of contract and a taking of its property pursuant to the Fifth Amendment of the United States Constitution based upon the Government's failure to comply with its obligations under the same contract to accept the same SNF generated at the Seabrook Unit 1 Power Station. FPL Compl. ¶¶ 9, 23-25, 32-34.

Although Canal has attempted to divorce its case from the Standard Contract at issue in the FPL Energy Seabrook case and to claim that its takings damages arise independently from that Standard Contract, it is clear that both Canal and FPL Seabrook are seeking damages based upon the Government's failure to begin accepting the same SNF generated at the same nuclear reactor, Seabrook Unit 1 Power Station. Accordingly, even if Canal could successfully claim that its rights and damages are independent of the Standard Contract relating to the acceptance of SNF generated at the Seabrook Unit 1 Power Station, it cannot argue that its case does not relate to the same SNF generated at the same nuclear reactor at issue in the FPL Seabrook case.

Accordingly, both the Canal and FPL Energy Seabrook cases "involve the same . . . property," RCFC 40.2(a)(1)(B), if not the "same contract," and, as a result, are "directly-related" cases.

Because both Canal and FPL Energy involve claims arising from DOE's delays in accepting the same SNF from the same nuclear reactor, assignment of both cases to a single judge, and consolidation of the actions, is likely to conserve judicial resources, and promote an efficient determination of the actions, within the meaning of RCFC 40.2(a)(4). Pursuant to RCFC 40.2(a)(3), "the judge in the earliest-filed case," the Canal case (Judge Hodges), "after consultation with the judge in the later-filed case," the FPB Energy case (Chief Judge Damich), will grant or deny the motion to transfer." Here, the Government respectfully request that, in accordance with that rule, the Canal and FPL Energy cases be transferred as contemplated by RCFC 40.2(a)(3) to a single judge and, further, that, if the Court declines to grant the Government's pending motion to dismiss the Canal case, the Canal and FPL Energy cases be consolidated.[3]

---

[3] In determining whether consolidation is appropriate, the Court must weigh the interest of judicial economy against the potential for delay, confusion, and prejudice that may result from consolidation. See Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993); Cable Belt Conveyors, Inc. v. Alumina Partners of Jamaica, 669 F. Supp. 577, 581 (S.D.N.Y. 1987) (holding that consolidation was appropriate where different factual findings between the two cases could result in inconsistent damages awards). Where two plaintiffs have sued the same defendant, alleging the same misconduct, and answered with the same defenses, the two cases share "common issues of law and fact," thereby justifying consolidation. Harris v. L&L Wings, Inc., 132 F.3d 978, 981 n.2 (4th Cir. 1997); Allfirst Bank v. Progress Rail Serv. Corp., 178 F. Supp. 2d 513, 520 (D.Md. 2001). Here, the Government has filed a motion to dismiss the Canal case. Because we do not believe that the Court needs to consolidate these cases if it grants the Government's pending motion, we believe that consolidation should await resolution of that fully-briefed motion

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

November 24, 2004

CERTIFICATE OF FILING

I hereby certify that on this 24th day of November 2004, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S 'NOTICE OF RELATED CASES,' AND DEFENDANT'S NOTICE OF DIRECTLY-RELATED CASES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.