IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CANAL ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.04–0035C<br>(Judge Hodges) |

DEFENDANT'S MOTION TO SUSPEND DEFENDANT'S OBLIGATION TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court suspend defendant's obligation to respond to plaintiff, Canal Electric Company's ("Canal"), amended complaint pending the Court's decision upon our motion to dismiss.[1]

BACKGROUND

On January 13, 2004, Canal filed a one-count complaint asserting a takings under the Fifth Amendment of the Constitution based upon the Government's failure to begin acceptance and disposal of spent nuclear fuel ("SNF") pursuant to the Standard Contract. On May 12, 2004, defendant filed a motion pursuant to RCFC 12(b)(1) to dismiss Canal's complaint for failure to state a claim upon which relief may be granted.

On August 6, 2004, Canal filed an extensive opposition to our motion to dismiss. On September 24, 2004, we filed a reply to Canal's opposition. On December 9, 2004, with the motion to dismiss pending, Canal filed an amended complaint. In its amended complaint, Canal added counts for breach of contract and breach of the implied covenant of good faith and fair

[1] If the Court denies this motion, defendant respectfully requests that it be permitted 30 days after the Court's order within which to file our response to Canal's amended complaint.

dealing. Canal explained in its amended complaint that, although it had assigned its contract rights to FPL Energy in connection with the sale of its interest in Seabrook, because the Government has challenged the validity of certain assignments in other cases, "[t]o the extent that the Court concurs with DOE on this point, and does not agree with Canal that its transfer of claims is valid, Canal hereby asserts claims for breach of contract and breach of the duty of good faith and fair dealing." Amend. Compl. ¶¶ 58-60.

DISCUSSION

This Court possesses the inherent power to order the conduct of litigation as necessary to achieve the just, speedy, and inexpensive resolution of every action. Landis v. North Am. Co., 299 U.S. 248, 254 (1936); RCFC 1. As we established in our motion to dismiss Canal's original complaint, Canal has failed to state a takings claim upon which relief may be granted. While Canal has amended its complaint, allegedly to account for the possibility that the Government may, at some point in the future, challenge the validity of the assignment to FPL Energy in FPL Energy Seabrook, LLC v. United States, 04-CV-00088, the Government has not challenged any assignment of Canal's contract rights to FPL Energy. Indeed, until it received the amended complaint, the Government was unaware of the assignment and is currently attempting to obtain information about the assignment so that it can evaluate the assignment. Under these circumstances, where the sole basis for Canal's amended complaint is an event which has not occurred – and may never occur – there is no reason for the Government to respond to Canal's amended complaint at this time. The interests of efficiency, economy, and justice all militate in favor of staying the United States' obligation to respond to Canal's amended complaint. See, e.g., First American Bank, N.A. v. United Equity Corp., 89 F.D.R. 81, 87 (D.D.C. 1981)

(acknowledging that when a defendant has moved to dismiss upon jurisdictional grounds, it is appropriate for the trial court to defer consideration of plaintiff's motion for summary judgment until jurisdiction has been established).

CONCLUSION

For the reasons stated above, defendant respectfully requests that the Court grant its motion and suspend the time within which defendant must respond to plaintiff's amended complaint until the Court has ruled upon defendant's pending motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

December 16, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 16th day of December, 2004, a copy of the foregoing "DEFENDANT'S MOTION TO SUSPEND DEFENDANT'S OBLIGATION TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John C. Ekman