**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CANAL ELECTRIC COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 04-0035C** |
| **UNITED STATES OF AMERICA,** | ) | **(Judge Hodges)** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**CANAL ELECTRIC COMPANY'S**
**NOTICE OF ADDITIONAL AUTHORITY**

Plaintiff Canal Electric Company ("Canal"), through its undersigned counsel, wishes to bring to the Court's attention pages 34-35 of the Seabrook Standard Contract ("Standard Contract" or "Contract") as additional confirmation that Canal was directly obligated to make 1 mil/kWh fee payments to the Nuclear Waste Fund under the Standard Contract. These issues were discussed at length in the January 13, 2005 hearing. *See* Hearing Transcript, dated January 13, 2005, at 15-16, 21, 24-27, 51-52, 57-61.

Counsel addressed this issue by pointing to the Federal Register Final Rule, 48 Fed. Reg. 16590-01, at 16590-01 (April 18, 1983), which demonstrates how the Standard Contract was amended to reflect the parties' collective intent to include owners and generators in the Contract. *See* Hearing Transcript, dated January 13, 2005, at 24-25, 57-60. Both the Standard Contract and the Federal Register Final Rule were provided to the Court at the hearing by counsel for Plaintiff. While Canal believes that the Contract provisions referred to at the hearing are sufficient to show that Canal was obligated under the Contract, the provisions on pages 34 and 35 of the Contract, which were not

raised at the hearing, prove with certainty that Canal was obligated to pay the 1 mil/kWh fee.

On page 34 of the Standard Contract, Article XXII, section (C) clearly lists the tenant in common owners of Seabrook.[1] This provision explicitly provides that

> "[p]erformance of this Contract shall be for the account of said owners, and all property and rights of said owners acquired by Purchaser on their behalf under this Contract shall vest in such utilities severally in the aforesaid respective percentage shares; and all obligations of the Purchaser under this Contract, including any charges hereunder, shall be several (and not joint or joint and several) obligations of such utilities in the aforesaid respective percentage shares."

Standard Contract, at 34.

As confirmed by the foregoing, and contrary to the representations made by the Government at the hearing[2], Canal had at all relevant times direct liability for its 3.52% interest in Seabrook under the Standard Contract. Canal was severally and separately obligated to pay its aliquot share of the 1 mil/kWh fee to the Department of Energy. While a complete copy of the Standard Contract was distributed by the undersigned counsel at the hearing, pages 34 and 35 are attached for the Court's convenience.

---

[1] Canal Electric Company is listed as having an undivided ownership interest of 3.52317% in Seabrook. See Standard Contract, at 34.

[2] See Hearing Transcript, dated January 13, 2005, at 16 ("Indeed, if the roles were reversed in this case, the government wouldn't have recourse if Canal had failed to pay the fee against Canal."); See also id., at 52 ("Indeed, only the purchaser under the contract, which Canal admits it was not, has an obligation to pay the government.").

Date: January 19, 2005

Respectfully submitted,

By: /s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526
(202) 785-9700

*Counsel of Record for*
*Canal Electric Company*

Of Counsel:

David M. Nadler
Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffery P. Becherer
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526
(202) 785-9700

Timothy N. Cronin
Assistant General Counsel
NSTAR Electric & Gas
Corporation
800 Boylston Street
Mail Stop P1701
Boston, MA 02199-0228

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that, on January 19, 2005, a copy of the foregoing "Canal Electric Company's Notice of Additional Authority" was filed electronically. I understand that the notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bradley Wine