IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CANAL ELECTRIC COMPANY, Plaintiff, | ) | |
| v. | ) | No.04–0035C (Judge Hodges) |
| UNITED STATES OF AMERICA Defendant. | ) | |

DEFENDANT'S RESPONSE TO CANAL ELECTRIC COMPANY'S NOTICE OF ADDITIONAL AUTHORITY

Defendant, the United States, respectfully submits this response to "Canal Electric Company's Notice of Additional Authority," dated January 19, 2005. As an initial matter, the "additional authority" upon which Canal now seeks to rely simply supports the conclusion that Canal's takings claim against the Government is predicated upon a breach of the Standard Contract. As a result, and for the reasons set forth in the Government's briefs and at oral argument, Canal's claims should be dismissed.

In any event, in its analysis, Canal omits a material provision under the Standard Contract that demonstrates that its interpretation of this "additional authority" is incorrect. In fact, the paragraph that immediately follows the text cited by Canal in its notice – entirely omitted from Canal's discussion – states that "[e]ach of the aforesaid utilities represents that the designated Purchaser, New Hampshire Yankee Division of Public Service Company of New Hampshire, has the full authority and responsibility for the giving and receiving of notices hereunder, the receiving and payment of invoices, the making of any elections of the Purchaser, and the exercise of all other rights conferred on the Purchaser in this Contract." Standard Contract, at 35 (emphasis added). In short, while the co-owners may have wished to memorialize the limitations

of their obligations to each other in the Standard Contract based upon their respective ownership interests, the Purchaser – not Canal – is responsible under the contract for the "payment of invoices." This position is supported by the language in the Standard Contract, which plainly places the responsibility for the payment of fees under the contract upon the Purchaser. The notion that any non-payment by the Purchaser would have required DOE to sue 16 separate entities for an obligation assigned to the Purchaser is contradicted by the Standard Contract.

For the foregoing reason, and those set forth in our briefs and at oral argument, Canal's takings claim should be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

January 31, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 31st day of January 2005, a copy of foregoing "DEFENDANT'S RESPONSE TO CANAL ELECTRIC COMPANY'S NOTICE OF ADDITIONAL AUTHORITY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John C. Ekman