# In the United States Court of Federal Claims

* * * * * * *

CANAL ELECTRIC COMPANY, *

Plaintiff, * No. 04-0035C

v. * Filed: February 3, 2005

UNITED STATES OF AMERICA, *

Defendant. *

* * * * * * *

**ORDER**

A review of the parties' briefs and the hearing transcript leaves questions concerning the merits of plaintiff's case and defendant's motion. For these reasons, we ask that counsel clarify their positions, as follows:

(1) Plaintiff claims a taking for the diminished value of its property. That is, the purchaser paid a discounted value for plaintiff's property because of defendant's breach. We ask that plaintiff identify and describe the property right claimed to have been taken.

(2) Typically, the United States receives property when it pays just compensation - for example, an easement. What would the Government receive in this case? Explain the nature of the taking alleged. Physical? Regulatory? Temporary? Permanent? Inverse? Categorical? Include the basis for such allegations. For example, if plaintiff alleges a regulatory taking, identify the applicable regulation. If plaintiff alleges a physical taking, describe the invasion alleged.

(3) Is this a novel takings theory? If not, cite cases that claim takings for diminished value of property because of a breach of contract.

(4) Plaintiff limits its takings claim to the diminished value of its property. See Tr. at 28 (Jan. 13, 2005). We understand plaintiff's claim to be that factors such as the payment of fees, storage of SNF, and uncertainty about the future of Seabrook contributed to the diminution of plaintiff's property value. Such factors discussed at the hearing were not alternative takings theories or damage theories. See, e.g., Tr. at 35.

(5) Plaintiff's claim seems to be that defendant's breach of contract created or resulted in the taking. Takings generally may not result from improper or tortious conduct by the United States. Cite case law to support plaintiff's argument that a breach of contract can give rise to a taking.

(6) Plaintiff assigned or transferred its contract rights to FPL Energy Seabrook, according to defendant. Canal has filed a "protective" claim for breach of contract, apparently because a challenge to such transfers is pending. What would be the effect of a successful challenge to plaintiff's assignment of its contract claim? Would plaintiff proceed on a breach claim alone? When will this issue be decided?

(7) Plaintiff claims standing as a third-party beneficiary. Defendant argues that plaintiff was not an intended beneficiary of the contract. If Canal is a third-party beneficiary, does this resolve the issue of whether it has standing as a minority owner? Plaintiff argues that its position may be distinguished from that of a shareholder by the fact that it had management duties. What was the nature of its management duties? Does defendant acknowledge that management duties properly distinguish Canal's position here from that of a shareholder with regard to standing?

Plaintiff's response to this Order should be filed no later than February 28. Defendant's response is due no later than March 18. We will be out of town on a lengthy trial beginning February 7. We will be available by telephone, however. Counsel may contact Ms. Fitzsimmons at (202) 357-6572 to arrange conferences or hearings.

s/Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge