**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CANAL ELECTRIC COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 04-0035C** |
| **UNITED STATES OF AMERICA,** | ) | **(Judge Hodges)** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**CANAL ELECTRIC COMPANY'S**
**NOTICE OF ADDITIONAL AUTHORITY**

Plaintiff Canal Electric Company ("Canal"), through its undersigned counsel, wishes to bring to the Court's attention Judge Lettow's recent opinion in *Rochester Gas and Electric Corporation v. United States*, No. 04-118-C (filed May 12, 2005) ("*Rochester*"). The *Rochester* opinion is of key importance to the Court's consideration of Canal's takings claims and the Government's Motion to Dismiss currently pending before the Court, because it recognizes and affirms a well-developed body of case law that supports the premises upon which Canal has asserted its takings claims. Opinion at 14. In particular, the *Rochester* decision recognizes that Canal retained its takings claims, which are not assignable. *Id*. Denying the Government's Motion to Dismiss, Judge Lettow held that

> Rochester Gas may not assign its takings claims to Ginna LLC. *See United States v. Dow*, 357 U.S. 17, 20-21 (1958) (Assignment of Claims Act bars the assignment of a takings claim against the United States). For a party to allege that its property right has been taken, it must have owned the property at the time that the alleged taking occurred. *See Dow*, 357 U.S. at 20-21; *Cavin v. United States*, 956 F.2d 1131, 1135 (Fed. Cir. 1992); *Systems Fuels, Inc. v. United States*, __ Fed. Cl. __, __, 2005 WL 950497, at *6 (Apr. 20, 2005); *Smith v. United States*, 28 Fed. Cl. 430, 436 (1993). In this case, the complaint which was filed before Ginna LLC owned the property,

> alleges that DOE's actions constituted an uncompensated taking. Compl. ¶¶ 44-47. Thus, the alleged taking took place before Rochester Gas's ownership of the property right was transferred to Ginna LLC. Nonetheless, it may be that both the assignor and assignee have separate takings claims. *See Palazzolo v. Rhode Island*, 533 U.S. 606, 626-28 (2001) (holding that the fact that regulations allegedly causing a taking were in place prior to the purchase of an affected property is not dispositive of whether a taking occurred). Accordingly, Rochester Gas can properly assert its takings claims and may not transfer those claims to Ginna LLC, but Ginna LLC might have takings claims of its own that it could assert separate and apart from those being put forward by Rochester Gas.

*Id*. A copy of the *Rochester* decision is attached for the Court's convenience.

Date: May 17, 2005

Respectfully submitted,

By: /s/ Richard J. Conway

Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526
(202) 785-9700

*Counsel of Record for*
*Canal Electric Company*

Of Counsel:
Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffery P. Becherer
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526

**CERTIFICATE OF ELECTRONIC FILING**

I hereby certify that, on May 17, 2005, a copy of the foregoing "Canal Electric Company's Notice of Additional Authority" was filed electronically. I understand that the notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bradley Wine