IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CANAL ELECTRIC COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.04–0035C<br>(Judge Hodges) |

DEFENDANT'S RESPONSE TO THE
COURT'S JUNE 9, 2005, ORDER

Defendant, the United States, respectfully submits this response to the Court's order dated June 9, 2005, in which the Court requested that both parties "advise the court . . . how they propose to proceed in light of [the Court's June 9, 2005] ruling" upon the takings claim that plaintiff, Canal Electric Company ("Canal"), asserted in this case. Order, at 10.

## DISCUSSION

### I. THE COURT SHOULD ENTER FINAL JUDGMENT UPON COUNT II OF PLAINTIFF'S COMPLAINT PURSUANT TO RCFC 54(b)

In its June 9, 2005 order, the Court found that, among other things, Canal's takings claim was founded upon the Government's breach of a contract between the plaintiff and the Government and that this takings claim could not be maintained as a matter of law. This Court's decision is consistent with well-established precedent from the United States Supreme Court and the United States Court of Appeals for the Federal Circuit. Nevertheless, takings claims continue to be litigated in many of the spent nuclear fuel ("SNF") cases. See, e.g., Boston Edison Co. v. United States, 64 Fed. Cl. 167 (2005); Sacramento Municipal Utility Dist. v. United States, 61 Fed. Cl. 438 (2004). But see Commonwealth Edison Co. v. United States, 56 Fed. Cl. 652 (2003) (dismissing takings claim raised by SNF plaintiff); Southern Nuclear

Operating Co. v. United States, 98-614C, slip op. at 5 (Fed. Cl. April 7, 2004) (same). Appellate review of the Court's resolution of the takings claim here would assist in resolving the takings claims now pending in other cases before this Court.

Accordingly, we believe that entry of final judgment pursuant to RCFC 54(b) upon Count II of Canal's complaint, which contains Canal's takings claim, is warranted at this time. There is no reason to delay the entry of final judgment upon the takings claim here. Indeed, expensive and time-consuming discovery practice in the other cases in which takings claims have been allowed to proceed – and the possibility of further inconsistent decisions from this Court – will not facilitate a final resolution of this issue. Instead, entry of final judgment upon the takings claim in this case is the best possible way to achieve some finality to a legal issue that is implicated in numerous SNF cases currently pending before this Court. To the extent that Canal represents that it will not seek to appeal this decision, there is no reason to delay entry of final judgment upon the takings claim. As a result, the Government requests that this Court enter final judgment upon Canal's takings claim.

The Rules of this Court provide that, when a plaintiff brings more than one claim for relief, the Court may direct entry of final judgment on one of the claims if it determines that there is no just reason for delay in entering judgment upon that claim:

> When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

RCFC 54(b). This Court has noted that the "test for determining whether multiple claims are presented for purposes of Rule 54(b) has not been definitively established." Adams v. United States, 51 Fed. Cl. 57, 59 (2001) (quoting J. Moore, Moore's Federal Practice ¶ 54.22[2][b][ii]

(3d ed. 2000). However, the Court has identified four factors that need to be considered in determining whether entry of judgment pursuant to RCFC 54(b) is appropriate. Specifically, the Court should consider "(1) the extent of factual overlap; (2) whether separate causes of action depend upon proof of different facts or have different burdens of proof; (3) whether application of *res judicata* considerations suggest that the claims are linked; and (4) whether the multiple relief is for the same injury." Id.

Application of these four factors supports the entry of judgment upon Canal's takings claim under RCFC 54(b). The only claim that remains in this litigation is Canal's “protective” breach of contract claim, which it raised for the first time in an amended complaint after briefing (other than the supplemental brief that the Court requested following oral argument) upon its takings claim was complete. Since the takings claim was dismissed as a matter of law, there is no factual overlap between the takings claim and the "protective" breach of contract claim that would be presented to the Federal Circuit upon any appeal. Instead, the issues implicated by this Court's decision are legal, accepting the allegations pled in Canal's complaint as true. Further, while the burden of proof upon Canal is the same for both its contract claim and its takings claim, there clearly are different legal tests for recovery as the claims are founded upon different and unique legal principles.

In addition, any decision by the Federal Circuit would not have *res judicata* effect upon the remaining "protective" breach of contract claim. Indeed, this Court's decision recognizes the existence of a breach of contract action that would survive any appeal (depending, of course, upon the resolution of any future challenge to Canal's assignment of its contract claims to FPL Energy in FPL Energy, LLP v. United States, No. 04-0098C (Fed. Cl.)). Finally, the legal theories underlying Canal's breach of contract claim and its takings claim seek to vindicate different injuries. While Canal's takings claim clearly is based upon the Government's breach of

contract, a takings claim as a matter of law should seek to vindicate property rights, while a breach claim should seek to vindicate contract rights. Canal's takings and breach claims may seek identical damages here for identical injury – indeed, that is the fundamental problem with its claim – but the fact that Canal pleads a takings claim in place of a breach claim does not mean that the relief, from a legal perspective, is for the same injury. Moreover, as the Supreme Court set forth in Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980), the trial court must consider "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. at 8; see W.L. Gore & Assoc., Inc. v. International Medical Prosthetics Research Assoc., Inc., 975 F.2d 858, 862 (Fed. Cir. 1992) (quoting Curtiss-Wright). Upon reaching a decision in any appeal of this Court's June 9, 2005, order, the Federal Circuit will not be faced with an appeal concerning similar legal issues from this plaintiff in connection with any future litigation related to Canal's "protective" breach of contract claim. As a result, entry of final judgment pursuant to RCFC 54(b) is proper.

Finally, the application of RCFC 54(b) would serve to allay any concerns that Canal may have concerning statute of limitations issues while any issues relating to Canal's purported assignment of its contract claims to FPL Energy are resolved in that litigation. We understand that Canal would like to await a decision in FPL Energy regarding whether its assignment of contract claims is viable before it takes further action in this case. However, the FPL Energy case is currently stayed, making it unlikely that the assignment issue will be decided within the next few months. Further, any resolution of whether Canal may pursue a contract claim despite its assignment of its contract claims will have no effect upon, and will not revive, its takings claim. Its takings claim has been finally decided. In light of the significance of the legal

questions implicated by this Court's order to other SNF cases pending before this Court, entry of judgment upon the takings claim pursuant to RCFC 54(b) is appropriate.[1]

## II. IN THE ALTERNATIVE, THE COURT SHOULD ENTER DISMISS THE REMAINING COUNT IN CANAL'S COMPLAINT AS PREMATURE OR CONSOLIDATE CANAL'S CASE WITH THE *FPL ENERGY* CASE

If the Court declines to enter final judgment pursuant to RCFC 54(b), this Court could enter final judgment upon this case in its entirety, dismissing the takings claim in accordance with its June 9, 2005 decision and dismissing, without prejudice, Canal's "protective" breach claim. RCFC 17(a) provides protection to Canal in the event the Government successfully challenges the contract claim assignment to FPL Energy. Specifically, RCFC 17(a) provides that, "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Under this rule, in the event of a successful challenge to the assignment, Canal could be substituted in as a plaintiff in the FPL Energy litigation, without running afoul of applicable statute of limitations periods. See System Fuels, Inc. v. United States, No. 03-2623C, 2005 WL 950497, at *7 (Fed. Cl. Apr. 20, 2005). In the event of a substitution, Canal would be treated as if it had filed its breach of contract claim at the same time as FPL Energy filed its claim in this Court.

---

[1] Assuming the Court issues final judgment upon the takings claim in Canal’s complaint, the Government does not oppose Canal’s request to stay consideration of Canal’s “protective” breach of contract claim pending resolution of the assignment issue in FPL Energy. However, consolidation of the Canal and FPL Energy contract cases would ensure consistent resolution of the assignment and contract issues arising out of the single contract at issue in those two cases.

Nevertheless, as the entity that provided written assignment of all of its claims to FPL Energy, Canal should not be permitted to maintain a breach of contract action here, particularly when it has not attempted to join FPL Energy in this action to resolve the ownership interests of the claims covered by its written assignment agreement. "As against the assignee, an assignor is not permitted to raise the question of nonassignability." 6 Am. Jur. 2d Assignments § 155, at 245 (1999); see In re Kaufman, 37 P.3d 845, 855 (Okla. 2001) ("[t]he rule that an assignor cannot as against his assignee allege nonassignability is well settled"); see also Sullivan v. United States, 46 Fed. Cl. 480, 488 (2000) ("doctrine of equitable estoppel is a remedy by which a party may be precluded, by a party's own act or omission, from asserting a right to which it otherwise would have been entitled"). In the world that Canal wishes to create, the Government must defend the contract claims asserted in separate lawsuits by the assignee and by the assignor, with the Government carrying the risk of duplicative liability if it is found liable in the separate suits both to the assignee and to the assignor through inconsistent trial court rulings. In these circumstances, and with Canal not having joined FPL Energy in this action, Canal should be estopped from raising its own breach of contract claim at this time as part of this action.

## CONCLUSION

For the reasons stated above, defendant respectfully requests that the Court enter final judgment upon Canal's takings claim pursuant to RCFC 54(b) and either (1) stay Canal's protective breach of contract claim or (2) consolidate the Canal and FPL Energy cases for future resolution of the assignment and breach of contract issues. In the alternative, defendant requests that the Court enter final judgment upon the entirety of Canal's complaint, dismissing Canal's "protective" breach of contract claim without prejudice to Canal's rights to substitute as the “real party in interest” in the FPL Energy case if the assignment there is deemed invalid.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Ekman
JOHN C. EKMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0897
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

July 1, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 1st day of July, 2005, a copy of the foregoing "DEFENDANT'S RESPONSE TO THE COURT'S JUNE 9, 2005, ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John C. Ekman