**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CANAL ELECTRIC COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 04-0035C** |
| | ) | **(Judge Hodges)** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF COMPLIANCE**

Pursuant to the Court's Order and Opinion dated June 9, 2005 (the "June 9, 2005 Decision"), Plaintiff, Canal Electric Company ("Canal"), hereby submits this Certificate of Compliance to advise the Court how it proposes to proceed in light of the Court's ruling. *See* June 9, 2005 Decision at 10, as amended by the Court's June 16, 2005 Order.

Pursuant to Rule One of the Rules of the Court of Federal Claims ("RCFC"), Canal respectfully requests that the Court stay the present proceedings for six months – until December 31, 2005 – to allow the parties sufficient time to determine how to best resolve the issues presented by the Court's June 9, 2005 Decision, including potential appellate review of Canal's takings claims and the handling of Canal's remaining breach claims. To date, approximately 26 Spent Nuclear Fuel ("SNF") cases have been stayed, often with the Government's consent or at the Government's request.[1] Canal's request for a

[1] *See*, *Power Authority v. United States*, No. 00-00703; *PSEG Nuclear LLC v. United States*, No. 01-00551; *Consumers Energy v. United States*, No. 02-01894; *General Atomics v. United States*, No. 03-02505; *Entergy Nuclear Fitzpatrick, LLC v. United States*, No. 03-02627; *Entergy Nuclear Vermont Yankee, LLC v. United States*, No. 03-02663; *Arizona Public Service Co. v. United States*, No. 03-02832; *General Electric Co. v. United States*, No. 04-00009; *Carolina Power & Light Co. v. United States*, No. 04-00037; *Constellation Electric Illuminating Co. v. United States*, No. 04-00069; *PPL Susquehanna, LLC v. United States*, No. 04-00070; *Wisconsin Public Service Corp. v.*

stay is consistent with these cases in so far as it would ensure the "just, speedy, and inexpensive determination" of this matter by avoiding piecemeal appellate review that could result in inconsistent outcomes as well as significant inefficiency, expense, and delay. *See* RCFC 1.

Canal has conferred with the Government regarding its proposal to stay proceedings in this matter and has been informed that the Government does not agree with Canal's position. To date, the Government has not yet indicated its position regarding future proceedings in this matter.

**The Court's June 9, 2005 Decision Does Not Effect Canal's Breach of Contract and Breach of Good Faith and Fair Dealing Claims**

The Court's June 9, 2005 Decision dismisses Count III (the takings claims) of Canal's First Amended Complaint, but does not address Canal's breach claims contained in Counts I and II. Canal's breach claims were specifically added to Canal's takings claims in response to previous attempts by the Government to invalidate the assignment of pre-purchase SNF claims. In particular, Canal's First Amended Complaint states,

> The Government has asserted that while the NWPA provides for the assignment of the Standard Contract, it does not provide for assignment of pre-existing claims arising under the contract. . . . Further, DOE cites to the Federal Circuit's holding in *Ginsberg v. Austin*, 986 F.2d 1198 (Fed. Cir. 1992), for the proposition that pre-existing claims are not transferred automatically with an assignment of contract. . . .

---

*United States*, No. 04-00071; *Dominion Resources, Inc. v. United States*, No. 04-00083; *Dominion Resources, Inc. v. United States*, No. 04-00084; *FPL Energy Seabrook, LLC v. United States*, No. 04-00088; *Union Electric Co. v. United States*, No. 04-00097; *TXU Generation Co. LP v. United States*, No. 04-00098; *Texas Genco, LP v. United States*, No. 04-00100; *General Electric Co. v. United States*, No. 04-00107; *General Electric Co. v. United States*, No. 04-00108; *Southern California Edison Co. v. United States*, No. 04-00109; *Niagara Mohawk Power Corp. v. United States*, No. 04-00124; *Niagara Mohawk Power Corp. v. United States*, No. 04-00125; *Illinois Power Co. v. United States*, No. 04-00133.

> According to DOE's analysis of the relevant statutory and case law, any purported assignment of pre-existing claims attempted to be made in the April 13, 2002 Purchase and Sale Agreement with FPL Energy was invalid. To the extent that the Court concurs with DOE on this point, and does not agree with Canal that its transfer of claims was valid, Canal hereby asserts claims for breach of contract and breach of the duty of good faith and fair dealing.

First Amended Complaint at ¶ 60. Similar amended complaints containing identical "protective" breach claims were filed by other SNF plaintiffs that sold their interests in nuclear facilities, including Atlantic City Electric Company ("Atlantic") and Delmarva Power and Light Company ("Delmarva"). The Government filed a motion for summary judgment seeking dismissal of Atlantic's and Delmarva's breach and takings claims, indicating among other things, that the Government has not yet decided whether it could (or should) challenge the validity of the assignments in those cases. *See* Defendant's June 6, 2005 Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment in *Delmarva Power & Light Co. v. United States*, No. 04-0034 at 5 ("The issue of whether the Government could challenge these assignments is still unsettled.").

The circular and inconsistent nature of the Government's reasoning is apparent upon even the most cursory of reviews. On the one hand, the Government is arguing in parallel SNF proceedings that purchasers of utilities and assignees of the Standard Contract are barred, as a matter of law, from pursuing pre-purchase/pre-assignment SNF claims that were assigned to them by the utilities' sellers. This argument is not specific to one or two purchasers, but rather, is a *per se* attack on all such assignments. On the other hand, the Government has reserved the right to argue in this case that the assignment precludes Canal from asserting breach of contract claims. Taken to its logical

conclusion, the Government is arguing that *neither* a buyer *nor* a seller can assert pre-purchase breach claims where an assignment has been attempted. Such a result is illogical, unfair, and inequitable.

However, in a June 28, 2005 hearing, Judge Christine Miller indicated in response to the Government's Motion for Summary Judgment in *Atlantic* and *Delmarva* that those cases (in part or whole) – which present takings and protective breach claims virtually identical to those proffered by Canal – will proceed to trial.[2] Judge Miller issued her decision in *Atlantic* and *Delmarva* matter this afternoon, a copy of which is attached to this Certificate. In her decision, Judge Miller notes,

> Defendant challenges plaintiffs' standing based on the assignment of their claims to the purchasers. Regardless of any inconsistent position in either the cases brought by the sellers or those brought by the purchasers, defendant argues that plaintiffs cannot plead or go forward with claims that they admit have been assigned because they do not seek to invalidate the assignment in these cases. This court is not impressed with this argument, given the litigation position that the Government has taken in these cases. . . . Plaintiffs are entitled to assume that defendant will continue to press for invalidation of the assignments, notwithstanding defendant's assertion that it "has not challenged the assignments *in this case.*"

Opinion at 3-4 (Emphasis in the original).

Although Canal, Atlantic, and Delmarva have offered to dismiss their breach claims if the Government elects not to challenge the assignments in question, the Government has to date refused to accept this offer. Also, although Judge Miller strongly urged the Government to resolve its position at the June 28

---

[2] A copy of the transcript from that hearing has been ordered and will be provided to the Court upon receipt, which is expected to arrive within the next few business days.

hearing, the Government has advised the Court that it has not yet decided what position it will take regarding the assignments in these cases. As such, a stay of proceedings in this case will facilitate the Government's continuing consideration of the assignment issue and will avoid the unnecessary litigation of issues that may or may not remain before the Court.

**A Stay Of Proceedings Would Allow The Parties To Address The Issues Before The Court More Efficiently And Discretely**

As the Government has previously noted, "[t]his Court possess the inherent power to order the conduct of litigation as necessary to achieve the just, speedy, and inexpensive resolution of every action." *See* Defendant's March 29, 2004 Motion to Suspend Defendant's Obligation to Respond to Plaintiff's Amended Complaint at 2 (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) and RCFC 1). Canal's requested six-month stay is of a reasonable duration, will allow for the efficient handling of the breach and takings claims asserted by Canal (as well as those asserted by other SNF plaintiffs), and will not prejudice the Government. *See, e.g. C3, Inc. v. United States*, 5 Cl. Ct. 659, 660 (1984) (citing *Landis*, 299 U.S. at 255); *Restatement (Second) of Contracts* § 211 (1981). Conversely, the failure to stay the proceedings in this matter will cause unnecessary litigation and could result in inconsistent outcomes and confusion, given the Government's position with respect to identical claims currently pending before the Court in *Atlantic* and *Delmarva*. Accordingly, Canal respectfully requests that the Court stay this matter for six months.[3]

[3] Pursuant to the Court's request, this Certificate of Compliance is intended to inform the Court of Canal's position with regard to the June 9, 2005 Decision. Canal is prepared to file a Motion to Stay Proceedings if the Court so requests.

A limited stay in this matter will allow the parties to develop their positions regarding *all* of Canal's claims – including Canal's breach claims – and to avoid piecemeal appellate review that could result in inconsistent outcomes as well as significant inefficiency, expense, and delay. A stay would also provide additional time to consider Judge Miller's decision regarding the Government's motion for summary judgment in *Atlantic* and *Delmarva* regarding claims that are identical to Canal's. Moreover, a stay of proceedings will allow the Government to resolve and reconcile its position(s) regarding the efficacy of assignments of pre-existing claims and their impact on Canal's breach claims. Until these issues are resolved, Canal respectfully submits that the record in this matter in not yet ripe for any appellate review.

Date: July 1, 2005

Respectfully submitted,

/s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, N.W.
Washington, D.C. 20037
(202) 785-9700

*Counsel of Record for*
*Canal Electric Company*

Of Counsel:

Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffery P. Becherer
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, N.W.
Washington, D.C. 20037
(202) 785-9700

Timothy N. Cronin
Assistant General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street
Mail Stop P1701
Boston, MA 02199-0228

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2005, a copy of the foregoing "Certificate of Compliance" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bradley Wine