**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **CANAL ELECTRIC COMPANY,** **Plaintiff,** | |
| **v.** | **No. 04-0035C (Judge Hodges)** |
| **UNITED STATES OF AMERICA,** **Defendant.** | |

**RESPONSE TO JULY 6, 2005 ORDER**

Pursuant to the Court's Order dated July 6, 2005 (the "July 6, 2005 Order"), as amended on July 8, 2005, Plaintiff, Canal Electric Company ("Canal"), hereby submits this Response regarding the possibility of the Court entering judgment on partial findings pursuant to Rule 54(b) of the Rules of the U.S. Court of Federal Claims ("RCFC") with respect to Canal's takings claim. As set forth in greater detail below, Canal opposes the entry of judgment on partial findings pursuant to RCFC 54(b).[1]

Given the "unsettled" nature of the Government's position regarding Canal's remaining breach claims, the entry of a judgment with respect to Canal's takings claim will necessarily lead to piecemeal appellate review that could result in inconsistent outcomes as well as significant inefficiency, expense, and delay to Canal. *See* Defendant's June 6, 2005 Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment in *Delmarva Power & Light Co. v. United States*, No. 04-0034 at p. 5 ("The issue of whether the Government could

[1] The entry of judgment pursuant to RCFC 54(b) is best suited for cases involving multiple parties (as opposed to a single litigant, such as Canal), particularly given the significant hardships that would be imposed by concurrently litigating claims before this Court and an appeal, as discussed in greater detail herein.

challenge these assignments is still unsettled."). The entry of judgment at the conclusion of Canal's entire case (including the ultimate disposition of Canal's breach claims) furthers the goals of RCFC 1 by ensuring that all of Canal's claims will be considered and adjudicated before Canal is required to incur the significant expense and other costs associated with appellate review. Canal therefore respectfully requests that the Court stay further proceedings in this matter for a period of at least six months, or until the Government decides whether to challenge the assignment of pre-purchase claims by the sellers of nuclear facilities, such as Canal, whichever is earlier.

A stay is necessary to avoid the significant inefficiency, expense, and delay created by the Government's unwillingness to drop its challenges to the very assignments that gave rise to Canal's breach claims in the first place. *See* Plaintiff's July 1, 2005 Certificate of Compliance at pp. 2-4. Absent a stay, Canal would be placed in the untenable position of having to expend significant expense and additional resources to prepare to litigate its breach claims that were brought as a "protective" measure, while the Government continues to assess whether it intends to contest the assignments that were the subject of these claims. *Id.* at pp. 3-5. Further, the entry of a judgment with respect to Canal's takings claim, while the Government decides whether to challenge the remainder of Canal's breach arguments, would particularly contravene the dictates of RCFC 1 because it would require Canal to litigate on appeal issues regarding the takings claims while having to litigate its breach claims before this Court, if the Government decides to contest the validity of the assignments. These circumstances have been created by the Government's indecision about whether

to challenge the validity of assignments of pre-purchase claims. Indeed, at the June 28, 2005 hearing in the *Delmarva Power & Light Co. v. United States*, No. 04-34 ("*Delmarva*"), Judge Miller chastised the Government for its indecision, noting that plaintiffs, such as Canal, continued to have the right to assert breach claims,

> until you (the Government) make up your mind what your position is vis-à-vis the validity of that assignment. Until you make a decision, they've got that right. . . . Otherwise, the government could come against them on the statute of limitations when you come to your moment of clarity as to who has what rights in this case.

June 28, 2005 transcript at p. 15 (provided to the Court on July 7, 2005). Likewise, in the Court's decision denying the Government's Motion for Summary Judgment in *Delmarva*, Judge Miller notes,

> Defendant challenges plaintiffs' standing based on the assignment of their claims to the purchasers. Regardless of any inconsistent position in either the cases brought by the sellers or those brought by the purchasers, defendant argues that plaintiffs cannot plead or go forward with claims that they admit have been assigned because they do not seek to invalidate the assignment in these cases. This court is not impressed with this argument, given the litigation position that the Government has taken in these cases. . . . Plaintiffs are entitled to assume that defendant will continue to press for invalidation of the assignments, notwithstanding defendant's assertion that it "has not challenged the assignments *in this case.*"

Opinion at 3-4 (Emphasis in the original).

Moreover, the need for immediate appellate review as identified in the Government's July 1, 2005 Response is overstated, and indeed inaccurate. Appellate review of the Court's decision regarding Canal's takings claim will *not* assist in resolving the takings claims now pending in other cases before this Court. Rather, the more pressing issue facing all SNF litigants, including the Government, is the interplay between breach claims and takings claims. *See, e.g.*,

*Boston Edison Co. v. United States*, 64 Fed. Cl. 167, 187-88 (2005) (discussing the correlation between an SNF plaintiff's breach and takings claims). An entry of judgment pursuant to RCFC 54(b) regarding Canal's takings claim alone will not address this pressing issue, and therefore, will be of little guidance in the numerous SNF cases pending before this Court. Judgment should not be entered until both the takings and breach issues are resolved, so that at that time it can be determined if the interplay between these two causes of action would benefit from appellate review. Accordingly, the Court should refrain from entering judgment until Canal's takings *and* breach claims have been resolved.

While Canal intends to pursue its breach arguments as long as the Government maintains its current challenge to assignments of pre-purchase claims, Canal believes the most prudent course is for the Court to stay proceedings in this matter until the Government determines whether it will continue to challenge these assignment by the sellers of nuclear facilities. Otherwise, Canal will be placed in the inequitable and untenable position of having to pursue an appeal of part of this case, while at the same time, preparing to litigate its breach claims before this Court, all at the mercy of the Government's decision-making process. Accordingly, Canal respectfully requests that the Court stay Canal's case, in its entirety, for a period of six months or until such time as the Government has decided whether to challenge the assignment of pre-purchase breach claims, which ever is earlier.

Date: July 14, 2005

Respectfully submitted,

/s/ Richard J. Conway
Richard J. Conway
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, N.W.
Washington, D.C. 20037
(202) 785-9700

*Counsel of Record for*
*Canal Electric Company*

Of Counsel:

Nicholas W. Mattia, Jr.
Bradley D. Wine
Jeffery P. Becherer
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, N.W.
Washington, D.C. 20037
(202) 785-9700

Timothy N. Cronin
Assistant General Counsel
NSTAR Electric & Gas Corporation
800 Boylston Street
Mail Stop P1701
Boston, MA 02199-0228

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2005, a copy of the foregoing Response was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Bradley Wine